UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| GE LIGHTING SOLUTIONS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> CRS ELECTRONICS INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) Case No. 1:12-cv-3133 <br><br> JUDGE GAUGHAN |

**PLAINTIFF GE LIGHTING SOLUTIONS, LLC'S MOTION
TO CONSOLIDATE AND REASSIGN**

Pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 3.1(b), GE Lighting Solutions, LLC, by counsel, respectfully submits this Motion to Consolidate and Reassign requesting that the Court consolidate the following cases and reassign the consolidated cases to the Honorable Donald C. Nugent, subject to Judge Nugent's docket:

(i) *GE Lighting Solutions, LLC v. Technical Consumer Products, Inc.*, Case No. 5:12-cv-3127,

(ii) *GE Lighting Solutions, LLC v. Lights of America, Inc.*, Case No. 1:12-cv-3131,

(iii) *GE Lighting Solutions, LLC v. Lighting Science Group Corporation*, Case No. 1:12-cv-3132,

(iv) *GE Lighting Solutions, LLC v. CRS Electronics Inc.*, Case No. 1:12-cv-3133,

(v) *GE Lighting Solutions, LLC v. Feit Electric Company, Inc.*, Case No. 1:12-cv-3134, and

(vi) *GE Lighting Solutions, LLC v. MSI, LLC*, Case No. 1:12-cv-3136.

I.  **INTRODUCTION**

On December 28, 2012, GE Lighting Solutions, LLC ("GE") filed this action for patent infringement against CRS Electronics Inc. ("CRS"). The Complaint alleges that CRS has infringed and continues to infringe U.S. Patent Nos. 6,787,999 ("the '999 patent") and 6,799,864 ("the '864 patent") by importing, making, selling, offering to sell, and/or using certain LED lamps that embody the patented invention of the '999 and '864 patents. On that same day, GE filed five other actions for patent infringement against five other defendants in this District and Division.[1] Each Complaint alleges that the defendant has infringed and continues to infringe the '999 and '864 patents by importing, making, selling, offering to sell, and/or using certain LED lamps that embody the patented invention of the '999 and '864 patents.

GE filed six separate actions because under the America Invents Act, "accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit." 35 U.S.C. § 299. However, as has been recognized by several courts since enactment of Section 299, even though joinder of the defendants is not permitted, district courts continue to have considerable discretion to consolidate patent cases through pretrial. *See In re: Bear Creek Techs., Inc., ('722) Patent Litig.*, 858 F. Supp. 2d 1375, 1377-78, 1380 (J.P.M.L. 2012) (recognizing that Section 299 does not limit joinder for pretrial proceedings and

---

[1] Those cases and defendants are: (1) *GE Lighting Solutions, LLC v. Feit Electric Company, Inc.*, Case No. 1:12-cv-3134, (2) *GE Lighting Solutions, LLC v. Lights of America, Inc.*, Case No. 1:12-cv-3131, (3) *GE Lighting Solutions, LLC v. Lighting Science Group Corporation*, Case No. 1:12-cv-3132, (4) *GE Lighting Solutions, LLC v. MSI, LLC*, Case No. 1:12-cv-3136, and (5) *GE Lighting Solutions, LLC v. Technical Consumer Products, Inc.*, Case No. 5:12-cv-3127. Due to an oversight, counsel for GE did not indicate on the filed Civil Cover Sheets that the six cases were related pursuant to Local Rule 3.1. Thus, the cases were assigned to different judges: one to Judge Adams, one to Judge Boyko, two to Judge Gaughan, and two to Judge Polster.

consolidating ten actions before one judge); *see also Digitech Image Techs., LLC v. Agfaphoto Holding GmbH*, No. 8:12-cv-1153, 2012 WL 4513805, at *5 n.7 (C.D. Cal. Oct. 1, 2012) (severing cases pursuant to Section 299 and stating, "The severed cases are sufficiently related that they should all be before the same judge for case management and judicial efficiency purposes"). The instant facts support consolidation. While the defendants and products accused in each Complaint are different, all six actions involve infringement of the same two patents by the same technology and class of products, *i.e.*, LED lamps. In addition, all six actions are at similar early stages of litigation: none of the defendants have filed a responsive pleading, no case management conferences have taken place, and discovery has not yet commenced.

Moreover, this is not the first time that GE has brought suit on the '999 and '864 patents in the Eastern Division of the Northern District of Ohio. On May 12, 2010, Lumination, LLC, the name by which GE previously did business, filed an action for patent infringement against Fawoo Tech North America, LLC and Fawoo Technology Co. Ltd., alleging that the defendants had infringed and continued to infringe the '999 and '864 patents by importing, making, selling, offering to sell, and/or using certain LED lamps embodying the patented invention or inducing or contributing to the infringement of others of the '999 and '864 patents. *Lumination, LLC v. Fawoo Tech North America, LLC et al.*, Case No. 1:10-cv-1069 (N.D. Ohio) ("the *Lumination* case"). The *Lumination* case was assigned to Judge Nugent. There, the parties fully briefed claim construction and Judge Nugent scheduled a *Markman* hearing to construe certain claim terms of the '999 and '864 patents. Shortly thereafter, the parties settled, and Judge Nugent entered a stipulated dismissal including claim construction of several terms of those patents.

## II. ARGUMENT

When multiple actions are before the Court and "involve a common question of law or fact," it is within the Court's "considerable discretion" to consolidate the actions. Fed. R. Civ. P. 42(a); *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012); *see also Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). When exercising its discretion, the Court must consider the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties and witnesses posed by multiple lawsuits, judicial economy, and the time and expense of a consolidated action as opposed to several non-consolidated actions. *Cantrell*, 999 F.2d at 1011. Against these considerations, the Court must balance the risks of unavoidable prejudice, unfair advantage, and possible confusion. *Id.* Consideration of these factors fully favors consolidation.

### A. The Court Should Consolidate the Six Actions Through Pretrial to Conserve Judicial Resources, Eliminate the Risk of Inconsistent Decisions, and Reduce the Burden, Time, and Expense to the Parties

This motion seeks to achieve the "laudable goal" of conserving judicial resources, and further seeks to eliminate the risk of inconsistent adjudications of factual and legal issues common throughout all six actions. *Id.* Where, as here, a single plaintiff has filed nearly identical lawsuits against six different defendants on the same two patents and against the same technology and class of products, there is a significant risk of inconsistent adjudications of factual and legal issues if the actions are not consolidated through pretrial. The six cases at issue do not simply present "a" common question of law, as contemplated by Rule 42(a). Instead, common questions of law and fact permeate these cases, including claim construction, validity, and enforceability of the '999 and '864 patents.

#### 1. Consolidation of *Markman* Proceedings

It is nearly certain that there will be a *Markman* hearing on the '999 and '864 patents, during which the Court will determine the scope and meaning of the claims of the patents-in-suit.

The Court will examine the claims of each patent, and if necessary the specification and prosecution history, to define the scope of the patented invention in the '999 and '864 patents. The Court's *Markman* determination will define the metes and bounds of patent protection, and therefore exactly what conduct GE, as the holder of the patents-in-suit, is entitled to exclude. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005). Thus the *Markman* process will fundamentally define the scope and course of litigation, particularly with respect to motions for summary judgment.

Because GE has asserted the same two patents, and only those two patents, against each defendant, the six cases involve the same questions of law for purposes of claim construction. Under a similar set of facts, the Southern District of Ohio reached the same conclusion and consolidated two patent infringement cases for purposes of discovery and *Markman* proceedings. *Kohus v. Toys "R" Us, Inc.*, No. C-1-05-517, -671, 2006 WL 1476209, at *1 (S.D. Ohio May 25, 2006). The plaintiff in *Kohus* brought two separate patent infringement actions on the same claims of the same patents, and therefore the two cases "involve[d] the same questions of law for the purposes of a Markman hearing." *Id.* The court thus found that consolidation "would "prevent two trials from going forward on the basis of inconsistent adjudications of the meaning of the exact same claims." *Id.*

As in *Kohus*, without consolidation of the six actions, there is a significant risk of inconsistent *Markman* decisions and, as a result, six separate appeals to the United States Court of Appeals for the Federal Circuit on the scope of the same two patents.[2] Aside from this

---

[2] The fact that the infringing products in each of the six actions are not identical is irrelevant and will have no impact on a consolidated *Markman* proceeding. The claim construction process is to construe the *claims* of the patents independent and without consideration of the accused infringing *products*. *Union Oil Co. v. Atl. Richfield Co.*, 208 F.3d 989, 995 (Fed. Cir. 2000).

needless delay and multiplication of proceedings, the great danger of inconsistent *Markman* decisions could severely prejudice the parties' rights and cause substantial confusion regarding the scope of the claims of the '999 and '864 patents.

Also similar to *Kohus*, all six cases here are in the very early stages of litigation, and there is no risk of prejudice, unfair advantage, or confusion to the parties by consolidating the cases. *See Kohus*, 2006 WL 1476209, at *1. Instead, a consolidated *Markman* proceeding is in the interest of judicial economy and will prevent duplicative and wasteful efforts in litigating the meaning of the claims of the same two patents before four different judges. Further, consolidation will not alter the rights of the six defendants or merge the six actions into one. *See Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) ("[C]onsolidation of separate actions does not merge the independent actions into one suit."); *Kraft, Inc. v. Local Union 327, Teamsters, Chauffeurs, Helpers & Taxicab Drivers*, 683 F.2d 131, 133 (6th Cir. 1982) ("Consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties or make those who are parties in one suit parties in another." (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933))).

Moreover, consolidation for *Markman* proceedings would reduce the burden, time and expense to the parties by avoiding potentially overlapping and duplicative briefing, expert reports and depositions, and *Markman* hearings on common arguments the six defendants may make, and to which GE would respond. As stated above, due to the potential for inconsistent outcomes stemming from differing claim construction orders, several – if not all six – claim construction orders could be separately appealed to the Federal Circuit, an undesirable outcome

that can be avoided by consolidation. It is therefore beneficial to the Court and all parties that the six actions are consolidated for *Markman* proceedings.

### 2. Consolidation of Discovery Including Validity and Enforceability Proceedings

Consolidating the cases for discovery including validity and enforceability proceedings, *see* LPR 3.5, 3.7, 3.10, would be in the interest of judicial economy and would substantially relieve the financial burden on the parties and limit duplication of discovery efforts. It is likely that GE will produce to each of the six defendants substantially the same, if not exactly the same, information during discovery. It is also likely that each of the six defendants will seek to depose one or more of the inventors of and patent attorneys for the '999 and '864 patents. Further, it is expected that there will be significant overlap in the "prior art" references cited and arguments in the invalidity and unenforceability contentions likely to be submitted by each defendant in each case.

Consolidation of discovery would lessen the burden on parties and witnesses, as well as limit the time and expense spent dealing with discovery issues that will be common among the six actions. Consolidation will also prevent the loss of significant resources from duplicative filings and proceedings related to validity and enforceability. Further, to the extent that there are discovery motions, consolidation will increase judicial efficiency by allowing a single Court to decide identical issues of fact and law, as opposed to the same issues being decided (perhaps inconsistently) as many as six different times. As above, there is no risk of prejudice, unfair advantage, or confusion as all six cases are in the very early stages of litigation, and consolidation will not alter the rights of the six defendants or merge the six actions into one. Thus, GE respectfully requests that the six cases be consolidated for discovery including but not limited to validity and enforceability proceedings.

### B. The Court Should Reassign the Consolidated Case to Judge Nugent, as He Is Most Familiar with the Patents-in-Suit, the Technology at Issue, and the Class of Accused Products

As explained in Section I, *supra*, the '999 and '864 patents have been the subject of prior litigation in this Court in a case that was handled by Judge Nugent. The *Lumination* case involved the same patents, similar accused products, and similar evidence as the six cases currently pending before the Court. Further, the parties in the *Lumination* case submitted opening, rebuttal, and reply claim construction briefs on the '999 and '864 patents, and Judge Nugent scheduled a *Markman* hearing to construe certain claim terms of the '999 and '864 patents.

Having presided over the *Lumination* case until just prior to a *Markman* hearing, Judge Nugent is most familiar with the claims of the '999 and '864 patents, the technology at issue, the class of accused products, and similar evidence that will be involved in all six current lawsuits. It is in the interests of justice to reassign the consolidated cases to Judge Nugent, and would greatly conserve judicial resources, given that without reassignment, four new judges would need to become familiar with the '999 and '864 patents and LED lamp products and technology. It would not prejudice the parties to reassign the consolidated cases, as the six cases are still in the early stages of litigation, and would not offer any unfair advantage to any party. Thus, the consolidated cases should be reassigned to Judge Nugent, subject to Judge Nugent's docket.

### III. CONCLUSION

For the foregoing reasons, GE respectfully requests this court consolidate (i) *GE Lighting Solutions, LLC v. Technical Consumer Products, Inc.*, Case No. 5:12-cv-3127, (ii) *GE Lighting Solutions, LLC v. Lights of America, Inc.*, Case No. 1:12-cv-3131, (iii) *GE Lighting Solutions, LLC v. Lighting Science Group Corporation*, Case No. 1:12-cv-3132, (iv) *GE Lighting Solutions, LLC v. CRS Electronics Inc.*, Case No. 1:12-cv-3133, (v) *GE Lighting Solutions, LLC v. Feit*

*Electric Company, Inc.*, Case No. 1:12-cv-3134, and (vi) *GE Lighting Solutions, LLC v. MSI, LLC*, Case No. 1:12-cv-3136 and reassign the consolidated cases to the Honorable Donald C. Nugent, subject to Judge Nugent's docket.

Dated: February 8, 2013                                             Respectfully submitted,

**Buckingham, Doolittle & Burroughs, LLP**

By:   /s/ Barry Y. Freeman
Barry Y. Freeman (0062040)
One Cleveland Center
1375 East Ninth Street, Suite 1700
Cleveland, OH  44114
Telephone:  216.736.4223
Facsimile:  216.615.3023
bfreeman@bdblaw.com

**Crowell & Moring, LLP**
By:   /s/ Michael J. Songer
Michael J. Songer (*pro hac vice*)

By:   /s/ Michael H. Jacobs
Michael H. Jacobs (*pro hac vice*)

*Attorneys for Plaintiff*
*GE Lighting Solutions, LLC*

## CERTIFICATE OF SERVICE

I certify that on February 8, 2013, a copy of the foregoing was filed electronically and served by operation of the Court's electronic filing system. Parties may access this filing through the Court's ECF system.

By: /s/ Barry Y. Freeman
Buckingham, Doolittle & Burroughs, LLP
One Cleveland Center
1375 East Ninth Street, Suite 1700
Cleveland, OH 44114
Telephone: 216.736.4223
Facsimile: 216.615.3023
bfreeman@bdblaw.com

*Attorneys for Plaintiff*
*GE Lighting Solutions, LLC*